

Michael R. Wood, Partner
mike@cw.legal

December 22, 2017

**<u>Via ECF and Overnight Delivery</u>**

Hon. Frederic Block, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Sabrina Thomas v. ECD NY Inc., et al.,</u>
     <u>Docket No.: 17-cv-6139</u>

Dear Judge Block:

  This firm represents the defendants, ECD NY Inc. ("<u>ECD</u>"), Barry McKenna ("<u>McKenna</u>") and Gary Smith ("<u>Smith</u>" and collectively, the "<u>Defendants</u>") in the above-referenced action. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, the Defendants submit this letter to request a pre-motion conference setting forth the basis of Defendants' anticipated motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Defendants intend to move for failure to state a claim upon which relief can be granted.

  Plaintiff, Sabrina Thomas ("<u>Plaintiff</u>") asserts nine (9) causes of action against Defendants for: (1) discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("<u>Title VII</u>"); (2) retaliation under Title VII; (3) discrimination under Equal Payment Act, 29 U.S.C. § 206(d)(1) ("<u>EPA</u>"); (4) discrimination under New York State Human Rights Law, N.Y. Exec. Law § 296 ("<u>NYSHRL § 296</u>"); (5) retaliation under New York State Human Rights Law § 296(7) ("<u>NYSHRL § 296(7)</u>"); (6) aiding and abetting under New York State Human Rights Law § 296(6) ("<u>NYSHRL § 296(6)</u>"); (7) discrimination in wages and retaliation under New York Labor Law § 194 ("<u>NYLL</u>"); (8) aiding and abetting under New York City Human Rights Law, N.Y.C. Admin Code § 8-107(6) ("<u>NYCHRL § 8-107(6)</u>"); and (9) retaliation under New York City Human Rights Law, N.Y.C. Admin Code § 8-107(7) ("<u>NYCHRL § 8-107(7)</u>"). As more fully set forth below, Plaintiff's complaint should be dismissed because each of these fails to state a claim upon which relief can be granted.

  a. **<u>Discrimination Claims Under Title VII and NYSHRL § 296</u>**

  Plaintiff's discrimination claims under Title VII and NYSHRL § 296 should be dismissed because Plaintiff did not suffer an adverse employment action. A plaintiff asserting discrimination must plead facts showing that "the employer took adverse action against her and her sex was a motivating factor in the employment decision." *Thomson v. Odyssey House*, 2015 U.S. Dist. LEXIS 125887 *42 (E.D.N.Y. 2015). To survive a motion to dismiss an employment discrimination claim, a plaintiff must "plausibly allege facts that would support a finding that she

suffered an adverse employment action and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* at 43. Here, Plaintiff alleges that she was the subject of discrimination on the basis of her gender. However, Plaintiff cannot and does not point to a single allegation showing discrimination. In fact, Plaintiff voluntarily terminated her employment with ECD without any explanation and was subject to a wage increase of 14% prior to her decision. Further, during Plaintiff's employment, and currently, there were identical wage rates to male and female fire guards (Plaintiff's position before voluntarily terminating).

### b. Retaliation Under Title VII and NYSHRL § 296(7)

Plaintiff's retaliation claims under Title VII and NYSHRL § 296(7) should be dismissed because Plaintiff fails to allege that she opposed an unlawful employment practice. For a retaliation claim to survive a motion to dismiss, the plaintiff must plausibly allege that "defendants discriminated or took an adverse employment action against her because she has opposed any unlawful employment practice. In the retaliation context, the allegations must support the conclusion that the adverse action would not have occurred in the absence of the retaliatory motive." *Id*. Here, Plaintiff simply alleges that Defendants engaged in unlawful discriminatory practices by retaliating against Plaintiff. Plaintiff fails to allege any facts or a specific situation where she challenged and/or complained of Defendants alleged discrimination. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Drumm v. SUNY Geneseo College*, 486 Fed. Appx. 912, 914 (2d Cir. 2012). Also, Plaintiff fails to "adequately allege that she had a good faith, reasonable belief that she challenged conduct that constituted gender discrimination." *Id*. Plaintiff's complaint fails to allege a viable theory which would give rise to the inference of retaliatory intent.

### c. Retaliation Under NYCHRL § 8-107(7)

Plaintiff alleges retaliation under NYCHRL § 8-107(7) against defendants McKenna and Smith. "For an individual defendant to be liable for NYCHRL retaliation, he must actually participate in the conduct giving rise to Plaintiff's retaliation claim." *Gallagher v. AEG Mgmt. Brooklyn, LLC*, 2017 U.S. Dist. LEXIS 82173 *23 (E.D.N.Y. 2015). "Retaliatory acts under the NYCHRL are any acts that are reasonably likely to deter a person from engaging in protected activity." *Id*. Here, Plaintiff claims McKenna and Smith violated NYCHRL simply because they ignored her phone calls. This is insufficient to warrant a finding that they participated in acts giving rise to Plaintiff's retaliation claim because they did not reduce Plaintiff's work, adjudicate her guilt for complaining (no facts were alleged that she complained), or punish Plaintiff in any way. *Id*.; *Krasner v. City of New York*, 580 F. App'x 1, 3 (2d Cir. 2014) (noting that a defendant is not liable under the NYCHRL if the plaintiff fails to show the conduct was at least partly caused by retaliatory motives).

### d. Discrimination and Retaliation Under EPA and NYLL

A plaintiff may not rely on mere titles or classification to plead a plausible claim under the EPA and NYLL. *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 255 (2d Cir. 2014). To survive a motion to dismiss, a plaintiff plausibly must allege that "the employer pays different wages to employees of the opposite sex, the employees perform equal work on jobs requiring equal skill, effort and responsibility and the jobs are performed under similar working conditions." *Id*. A

plaintiff must plead sufficient factual matter that the comparative jobs are substantially equal in content or common duties. *Id.* Here, Plaintiff claims she was paid less than similarly situated male employees. However, Plaintiff fails to name a single comparator who is paid more than her on account of gender for a job requiring equal skill, effort and responsibility. "Bald allegations that male employees were paid more than female employees…will not survive a motion to dismiss." *Saunders v. Queensborough Cmty. Coll.*, 2015 U.S. Dist. LEXIS 128608 *26 (E.D.N.Y. 2015).

### e. Aiding and Abetting Under NYSHRL § 296(6) and NYCHRL § 8-107(6)

Plaintiff's claim for aiding and abetting against McKenna and Smith is unsubstantiated because Plaintiff is unable to prove principal liability for discrimination and retaliation against ECD. "Aiding and abetting claims under the NYSHRL and the NYCHRL are analyzed under the same standard, as language of the two laws is virtually identical." *Schanfield v. Sojitz Corp. of America*, 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009). Under *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999) "there is … a requirement that liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor." 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999); (supervisor who committed the sexual harassment not held liable under § 296(6) because plaintiff could not state a claim of sexual harassment against employer). Thus, "liability as an aider and abettor under section 296(6) can only attach when liability has been established as to the employer or another individual." *Irons v. Bedford-Stuyvesant Cmty. Legal Servs.*, 2015 U.S. Dist. LEXIS 130116 *32 (E.D.N.Y. 2015). As previously discussed, Plaintiff fails to plead any facts to warrant a finding of discrimination or retaliation against ECD or any of the Defendants. Thus, given that McKenna's and Smith's accessory liability is contingent upon ECD's liability, as they cannot be held individually liable on account of their actions, this Court should dismiss these causes of action as unsubstantiated.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted. First, Plaintiff fails to allege facts that would support a finding that she suffered an adverse employment action – she voluntarily terminated employment. Second, Plaintiff fails to allege facts that she opposed or challenged the alleged unlawful employment practice of Defendants. Third, Plaintiff fails to allege facts that Defendants reduced Plaintiff's work or punished Plaintiff in any way. Fourth, Plaintiff fails to name a single comparator who is paid more than her on account of gender for a job requiring equal skill, effort and responsibility. Finally, Plaintiff fails to allege any facts as to principal liability. For the forgoing reasons, Defendants plan to move for a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully,

Michael R. Wood

cc: Melissa Mendoza, Esq.
(*via* ECF)